INCINOMODE, INC., et al., Appellants,

v.

RESEARCH PRODUCTS MANUFACTURING COMPANY, Appellee.

No. 16107.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 19, 1960.

Rehearing Denied March 18, 1960.

Spafford, Ledbetter, Freedman, Hamlin & Gay, Harry I. Freedman and Warren Whitham, Dallas, for appellants.

Simon & Simon, and Sheldon Anisman, Fort Worth, for appellee.

BOYD, Justice.

This is a venue case, appealed from the District Court of Tarrant County. Research Products Manufacturing Company sued Incinomode, Inc., John C. Fleming, H. H. Hirsh and E. H. Sauer for permanent injunction and damages, alleging that defendants had wrongfully appropriated to their own use its trade secrets pertaining to the manufacture of an electric waterless incinerating toilet. An injunction was prayed for restraining the defendants from manufacturing any waterless incinerating toilet containing any of the claims in certain patent applications filed by the plaintiff, or containing any of the devices and mechanisms disclosed by the plaintiff to the defendants in the course of contractual relations between the parties. At all material

times, Fleming resided in Tarrant County; Hirsh and Sauer resided in Dallas County; and Incinomode, Inc., a Texas corporation, had its office and principal place of business in Dallas County.

Incinomode, Hirsh and Sauer filed pleas of privilege to be sued in Dallas County. Plaintiff filed a controverting plea, claiming exceptions to exclusive venue under subds. 4, 7, 23 and 29a, of Article 1995, Vernon's Anno.Civ.Stat. The controverting plea alleged that plaintiff had a valid cause of action against Fleming, the resident defendant, which cause of action was joined with a cause of action against the other defendants; that its cause of action against all the defendants was for fraud, and that all the defendants committed acts of fraud in Tarrant County; that venue as to Incinomode is correctly laid in Tarrant County, since a part of the cause of action arose therein, and that Fleming was its agent and representative in that county; and that venue being properly laid in Tarrant County against some of the defendants under the provisions of Article 1995, it is proper to hold all the defendants in that county. The court overruled all the pleas of privilege, and Hirsh, Sauer and Incinomode have appealed.

Appellants' principal contention is that the mechanisms, manufacturing processes, and inventions claimed by appellee are not trade secrets. There are other points for reversal to the effect that such processes and mechanisms were not disclosed to appellants in confidence, and that they came by such knowledge in such manner that they may rightfully use it; that appellee does not own the processes and formulas involved, and did not own them when the disclosures were made; and that it was error to admit evidence as to an incinerating unit examined by appellee's President, which appellee contends was made and sold by appellants, on the ground that appellants' connection with the unit was not established.

We have carefully reviewed the record in the light of appellants' brief and oral argument, and believe that the evidence is sufficient to support the implied findings and the judgment of the court.

■ A trade secret which may be protected by injunction has been defined to be any formula, pattern, device, or compilation of information which is used in one's business, and which gives one an opportunity to obtain an advantage over competitors who do not know or use it. Restatement of the Law, Torts, sec. 757; Harris Manufacturing Co. v. Williams, D.C., 157 F.Supp. 779; Brown v. Fowler, Tex.Civ.App., 316 S.W. 2d 111.

We cannot agree with appellants' contention that whatever of appellee's formulas or devices may have been used by appellants, they were not trade secrets in that they were generally known to the trade. The "trade" seems to be composed of only the parties to this suit.

We think the following facts have ample support in the evidence: Fleming was the agent and representative of Incinomode at the time the suit was filed and at the time of the trial; upon the organization of appellee Corporation he became a stockholder and was employed as its general manager; during that association several principles and formulas in connection with the construction and operation of an incinerating unit were developed by appellee, on many of which applications for patents were filed, and on some of which patents were granted; some of these formulas, mechanisms, and principles were for the prevention of corrosion of metals, for applying heat electrically, for controlling odor, for insulation, and for temperature control; these formulas and devices were disclosed to Fleming; Fleming arranged a meeting between Blankenship, appellee's President, and Hirsh and Sauer, which led to an agreement on the part of Hirsh and Sauer to manufacture some units for appellee; this was the first knowledge that either Hirsh or Sauer had concerning an incinerating toilet; Blankenship delivered to Hirsh and Sauer a prototype of appellee's unit, and explained it to

them; Fleming voluntarily severed his connection with appellee, taking some advertising material concerning appellee's product, which he later used to prepare advertising material for appellants' product, after they abandoned their contractual relationship with appellee, and after Fleming became employed by the business operated by Hirsh and Sauer, known as Incinomode, Inc.; Hirsh, Sauer, and Incinomode are manufacturing and selling incinerating toliets which embody some of the mechanisms and formulas developed by appellee and disclosed to Fleming, Hirsh, and Sauer.

■ We overrule appellants' point that it was error to admit the evidence about the unit which appellee contends was made and sold by Incinomode. Blankenship was allowed to testify that in Baltimore, Maryland, he examined an incinerating toilet in possession of Western Maryland Railroad Company; the unit had Incinomode's name on it; he said the unit had many of the features of appellee's unit, some of which had been disclosed by appellee to Fleming and appellants; it was admitted that Incinomode had sold to Western Maryland Railroad Company one unit which it had manufactured. A drawing of this unit was introduced in evidence.

■ An injunction will lie to restrain the manufacture and sale of mechanisms embodying trade secrets disclosed in the course of contractual relations between the parties. Hyde Corporation v. Huffines, Tex., 314 S.W.2d 763; K & G Oil Tool & Service Co. v. G & G Fishing Tool Service, Tex., 314 S.W.2d 782.

■ We do not extend this opinion to set out the evidence that appellee is the owner of the formulas and processes involved, but we have studied it and think it is sufficient to support such a finding.

The judgment is affirmed.